J-S19006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| W.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| K.S. | : | |
| | : | |
| Appellee | : | No. 1782 MDA 2016 |

Appeal from the Order Entered September 28, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s):  2011-FC-41396,
2011-FC-41715

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 19, 2017**

Appellant, W.B. ("Father"), appeals *pro se* from the order entered in the Lackawanna County Court of Common Pleas, which denied Father's petition for contempt of K.S. ("Mother") for failing to comply with the agreed-upon custody order of August 18, 2016, which addressed the parties' custody of their minor child, A.J.B. ("Child").  We affirm.

The relevant facts and procedural history of this case are as follows. The parties married in 2006, and Child was born of the marriage.  The parties divorced in 2011.  Father filed a petition for custody of Child on October 21, 2011.  On December 21, 2012, the court granted the parties shared legal custody of Child and gave Mother primary physical custody of Child.  On May 10, 2016, Father filed a petition to modify custody of Child.

_____

*Former Justice specially assigned to the Superior Court.

The court conducted a hearing on Father's petition on August 10, 2016. During the hearing, the parties reached a settlement agreement concerning their custody dispute, and the court read the terms of the agreement into the record. The court entered a custody order on August 18, 2016, that reflected the terms of the parties' settlement agreement. On August 29, 2016, Father filed a contempt petition against Mother for failing to comply with the August 18th custody order. After a hearing on September 19, 2016, the court denied Father's petition on September 28, 2016. On October 27, 2016, Father timely filed a *pro se* notice of appeal and a contemporaneous statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i).

As a preliminary matter, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. **Id.**; **Commonwealth v. Lyons**, 833 A.2d 245 (Pa.Super. 2003)[, *appeal denied*, 583 Pa. 695, 879 A.2d 782 (2005)]. Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. **Id.** at 252. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. **Commonwealth v. Rivera**, 685 A.2d 1011 ([Pa.Super.] 1996).

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (quoting **Commonwealth v. Adams**, 882 A.2d 496, 497-98 (Pa.Super. 2005)). The applicable rules of appellate

procedure mandate that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled and in the following order:

(1)     Statement of jurisdiction.

(2)     Order or other determination in question.

(3)     Statement of both the scope of review and the standard of review.

(4)     Statement of the questions involved.

(5)     Statement of the case.

(6)     Summary of argument.

(7)     Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)     Argument for appellant.

(9)     A short conclusion stating the precise relief sought.

(10)    The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11)    In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to [Rule] 1925(b) was entered.

Pa.R.A.P. 2111(a). Further,

> Briefs and reproduced records **shall** conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or

dismissed.

Pa.R.A.P. 2101 (emphasis added). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements of each subsection of appellate brief).

Noncompliance with Rule 2116 is particularly grievous because the statement of questions involved defines specific issues for review. ***Commonwealth v. Maris***, 629 A.2d 1014 (Pa.Super. 1993). ***See also*** Pa.R.A.P. 2116(a) (explaining statement of questions involved must state concisely issues to be resolved). Moreover,

> The argument **shall** be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a) (emphasis added). ***See also Commonwealth v. Knox***, 50 A.3d 732 (Pa.Super. 2012), *appeal denied*, 620 Pa. 721, 69 A.3d 601 (2013) (reiterating failure to cite to legal authority to support argument results in waiver).

Importantly, where an appellant fails to raise or develop his issues on appeal properly, or where his brief is wholly inadequate to present specific issues for review, this Court will not consider the merits of the claims raised on appeal. ***Butler v. Illes***, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to explain cogently

or even tenuously assert how trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super. 2006) (explaining arguments must adhere to rules of appellate procedure and arguments which are not appropriately developed are waived on appeal; arguments not appropriately developed include those where party has failed to cite any authority in support of contention); *Estate of Haiko v. McGinley*, 799 A.2d 155 (Pa.Super. 2002) (stating appellant must support each question raised by discussion and analysis of pertinent authority; absent reasoned discussion of law in appellate brief, this Court's ability to provide review is hampered, necessitating waiver on appeal).

Instantly, the defects in Father's brief are substantial. Father's brief lacks a statement of jurisdiction, the order in question, the relevant standard and scope of review, a statement of questions presented, a thorough statement of the case, a comprehensible summary of the argument, and legal argument sufficient for appellate review. *See* Pa.R.A.P. 2111(a), Pa.R.A.P. 2116(a), Pa.R.A.P. 2119(a), *supra*. Father also failed to attach to his brief a copy of his Rule 1925(a)(2)(i) statement. *See* Pa.R.A.P. 2111(a), *supra*. Further, Father attempts to raise several claims in his brief, but he fails to appropriately separate and label his claims. *See* Pa.R.A.P. 2119(a), *supra*. Father's gross deviation from our procedural rules governing appellate briefs precludes meaningful review and constitutes waiver of his issue(s) for appellate review. *See Lackner, supra*; *Estate of Haiko*;

**Butler, supra**.

Father also tries to challenge on this appeal the merits of the underlying custody order of August 18, 2016. In Father's contempt petition, however, he sought to enforce that order, claiming Mother had violated it. Nevertheless, Father did not present an actual challenge to the custody order itself that would put Mother or the court on notice that Father wanted to modify custody.[1] The order informing the parties of the contempt hearing likewise did not advise the parties that custody would be a disputed issue during the contempt proceedings. At the hearing on his contempt petition, Father argued for the first time that he had felt "coerced" into agreeing to the August 18th order, by court intimidation. As a result of the contempt hearing, the court denied Father's petition for contempt. The court was correct to leave the underlying custody order in place when it decided Father's contempt petition. **See generally Langendorfer v. Spearman**, 797 A.2d 303 (Pa.Super. 2002) (explaining parent's due process rights are violated when court modifies custody as sanction against parent following contempt proceedings concerning parent's failure to comply with underlying custody order where parent had no notice custody would be at issue in

---

[1] In the "Wherefore" clause of Father's August 29, 2016 written contempt petition, he mentioned he wanted "sole custody" as a remedy, without elaboration. On the day of the hearing, September 19, 2016, Father filed a typed brief in support of his contempt petition and, for the first time, requested custody modification as a "sanction" for Mother's alleged contempt.

contempt proceedings; court may not permanently modify custody order at contempt hearing, without proper notice).  Therefore, we conclude any complaints Father might have about the August 18th custody order are not properly before us on this appeal from the denial of his contempt petition.  Accordingly, we affirm.  ***See In Interest of K.L.S.***, 594 Pa. 194, 934 A.2d 1244 (2007) (stating trial court's order or judgment is more properly "affirmed," when appellant has failed to preserve issues for appeal).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2017